UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61021-CIV-COHN

BRIDGEWATER PRODUCTS, INC.,

Magistrate Judge Seltzer

    Plaintiff,

vs.

HSBC MORTGAGE CORPORATION, et al.

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS**
**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**
**ORDER GRANTING LEAVE TO AMEND IF ALL LEGAL REQUIREMENTS MET**

THIS CAUSE is before the Court upon filing of Plaintiff's Complaint [DE 1], Plaintiff's Application for Leave to Proceed In Forma Pauperis [DE 2], Plaintiff's Request for Recusal [DE 3], and Plaintiff's Motion for Appointment of Counsel [DE 4]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff Bridgewater Products, Inc. ("Plaintiff"), a corporation, filed this action through its President and Agent, Paul Bridgewater, seeking a change of venue from the Eastern District of Michigan and alleging three claims against mortgage companies relating to civil rights violations under 42 U.S.C. §§ 1981 to 1988 and two claims relating to the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692e and g. Plaintiff states that the Eastern District of Michigan "is a potential defendant and thus that venue prohibits impartiality." Paul Bridgewater (not the Plaintiff in this present action filed in the Southern District of Florida) filed a similar action in Michigan (Case No. 05-

40330), which was dismissed without prejudice.[1]

## I. RECUSAL MOTION

Before addressing the procedural requirements not met by Plaintiff Bridgewater Products, the Court notes that Plaintiff moves to recuse the undersigned judge because he "is a party to the matter pending before the Eastern District of Michigan, a change of venue motion which E.D.Mich has failed to rule upon [sic] his presence prejudices this instant matter." To its knowledge, this Court is not a party to any lawsuit involving Plaintiff. A check of the docket in the Michigan action confirms this fact. Other than the adverse ruling in Case No. 07-61540-Civ-Cohn (S.D.Fla.), the undersigned has had no involvement with Plaintiff or Paul Bridgewater.[2]

There are two different statutes that address recusal issues. First, the "mandatory" recusal provision in 28 U.S.C. § 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further

---

[1] Paul Bridgewater filed a case in this Court in October of 2007 against the City of Detroit, in which he also sought a change of venue from the Eastern District of Michigan. Case No. 07-61540-Civ-Cohn. Because the Michigan case was dismissed with prejudice by the Court in Michigan without having been appealed as of October, 2007, this Court dismissed its case. Subsequent to this Court's dismissal, Paul Bridgewater filed a belated appeal in Michigan on December 4, 2007, which was dismissed by the United States Court of Appeals for the Sixth Circuit on April 21, 2008 as having been filed too late. Paul Bridgewater's appeal of this Court's dismissal of Case No. 07-61540-Civ-Cohn was dismissed by the United States Court of Appeals for the Eleventh Circuit.

[2] There is a United States District Judge Avern Cohn in the Eastern District of Michigan who is not related to the undersigned.

therein."  The Eleventh Circuit has held that: "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.  Properly pleaded facts in a § 144 affidavit must be considered as true." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (internal footnotes and citations omitted).  No affidavit has been submitted in this action and there are no facts that would convince a reasonable person that bias actually exists.

Plaintiff also seeks recusal pursuant to 28 U.S.C. § 455.  "Section 455 requires that a judge disqualify himself 'in any proceeding in which his impartiality might reasonably be questioned' or '[w]here he has a personal bias or prejudice concerning a party.'  28 U.S.C. §§ 455(a) & (b)(1). Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo, 223 F.3d at 1333.  Of course, under either provision, a judge's adverse rulings are not valid grounds for recusal.  Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).  Therefore, the Request for Recusal is denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion for appointment of specific counsel to represent it in this civil action.  Plaintiff appears to rely on Rule 44 of the Federal Rules of Criminal Procedure.  Those rules do not apply to a civil case.  The Eleventh Circuit Court of Appeals has stated that:

> A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). The

> appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Wahl, 773 F.2d at 1174.

Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).

In the present action, Plaintiff is a corporation. A corporation cannot represent itself and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985). However, this requirement does not mean that a Court must appoint counsel in a civil action.

Upon a review of the Complaint filed in this action (see below), the Court concludes that Plaintiff has not met the "exceptional circumstances" standard stated in Poole. Therefore, the Court denies the motion to appoint counsel. Nonetheless, Plaintiff must obtain counsel on its own in order to pursue this action.

### III.  IN FORMA PAUPERIS MOTION

Plaintiff Bridgewater Products has also filed an application to proceed without prepayment of fees ("*in forma pauperis*"). This Court is unaware of any precedent for a corporation to proceed without prepayment of fees, as the statute regarding proceedings *in forma pauperis* appears to only contemplate individuals obtaining that status. 28 U.S.C. § 1915. Before granting such status, the Court requires Plaintiff to support its application with some law, statute or regulation that authorizes this Court to grant a corporation the privilege of proceeding without payment of fees.

## IV.  REVIEW OF CLAIMS

Even if Plaintiff could obtain *in forma pauperis* status, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the Court has the obligation to review the complaint to determine whether it states a claim.  As the prior action in Michigan was dismissed without prejudice, the fact that the case was originally filed in Michigan does not in and of itself preclude this case from being heard in Florida, assuming venue is otherwise appropriate in Florida.  Thus, the Court will look beyond the request in the Complaint for transfer of venue, and review the five substantive claims brought herein.

First, Plaintiff has not stated a claim for civil rights violations, as the named Defendants are not state actors (Count III).  Pursuant to 42 U.S.C. § 1983, a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  This means that such a claim can only be brought against one acting under color of State law, meaning one who acts on behalf of the state (or municipality).  The private corporations in this case were not acting under color of state law.

Second, as to claims under the contract making provision of Section 1981 or for Fourteenth Amendment violations (Counts I and II), Plaintiff has not stated what action of Defendants it is alleging violated those provisions of the law, nor has Plaintiff indicated how it was discriminated against as compared to any other individual or group.  These claims do not comply with Rule 8 of the Federal Rules of Civil Procedure

requiring a short and plain statement of the claim. Rather, Counts I and II merely state provisions of law but not the conduct alleged to violate the law.

Finally, as to Counts IV and V under the Fair Debt Collection Practices Act ("FDCPA"), the actions complained stem from 2004 and 2005. The FDCPA has a one year statute of limitations, meaning an action to enforce any violation of the act must be filed within one year from the date the violation occurs. 15 U.S.C. § 1692k(d). Even assuming that the one year period was tolled while this case was pending in the Eastern District of Michigan, over one year passed since Plaintiff dismissed these claims in the Michigan action and the filing of this action.

## V.  CONCLUSION

Although this Court will grant Plaintiff leave to file an amended complaint that meets the legal requirements of a complaint, Plaintiff must still obtain counsel and provide legal support for seeking *in forma pauperis* status as a corporation.[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [DE 2] is hereby **DENIED**, with leave to resubmit with legal support for a corporation to obtain such status;

2. Plaintiff's Request for Recusal [DE 3] is hereby **DENIED**;

3. Plaintiff's Motion for Appointment of Counsel [DE 4] is hereby **DENIED**;

---

[3] There also does not appear to be valid reasons for venue in Florida, as Plaintiff is located in Michigan, none of the attached exhibits, which are specifically referenced in the Complaint as containing Defendants' proper name and address, refer to Florida, and the acts that gave rise to this action apparently were directed toward property in Michigan, based upon the letters attached to the Complaint.

4. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim;

5. The Clerk may close this case, though Plaintiff has leave to file a new complaint, with the same case number as listed above, if it meets all legal requirements explained in this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of July, 2008.

                                                       _____
                                                       JAMES I. COHN
                                                       United States District Judge

copies to:

Bridgewater Products, Inc.
Paul Bridgewater, Pres. and Agent
101 Green Hills Dr.
Saline, MI 48716